

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MICHAEL STANLEY CHANCE                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO: 3:16 cv 132 DPJ-FKB

UNITED STATES OF AMERICA                                            DEFENDANT

# COMPLAINT

COME NOW the Plaintiff, Michael Standley Chance, by and through his attorneys, Merkel & Cocke, P.A., and files his Complaint herein, to-wit:

## I.

### PARTIES:

1. The Plaintiff, Michael Stanley Chance, is an adult resident citizen of Bentonia, Yazoo County, Mississippi, and brings this action for injuries and damages he has sustained by virtue of the negligent care and treatment rendered by G. V. (Sonny) Montgomery VA Medical Center in Jackson, Mississippi.

2. The Defendant, United States of America, is the apparent owner and operator of the Veterans' Administration Hospital and the employer of Dr. Elaraky and Pamela Luke, and has claimed responsibility for their actions. The United States of America should be served with process pursuant to the Federal Rules of Civil Procedure 4(i).

3. Appropriate statutory notice has been provided to the Defendant, United States of America, and Defendant, United States of America, has submitted a denial letter which is attached hereto as Exhibit "A".

4.  Accordingly, the Plaintiff is now authorized to filed suit against the Defendant, United States of America.

## II.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the Defendant, United States of America, pursuant to the Federal Tort Claims Action, 28 U.S.C. §1346(b), 2671, *et seq.*

6.  Venue is proper in this division of this district because the acts and omissions giving rise to this complaint occurred at the G.V. (Sonny) Montgomery Medical Center, Jackson, Hinds County, Mississippi. (hereinafter "VA Medical Center")

## III.

## CLAIM OF MICHAEL STANLEY CHANCE

7.  Michael Stanley Chance was seen by Dr. Elaraky at the VA Medical Center on March 12, 2013, where he had back surgery performed by Dr. Elaraky who was assisted by Pamela Luke. On March 12, 2013, at 4:55 p.m., the patient was received by stretcher from P.A.C.U. in moderate distress, rating pain as 7 out of 10. He was grabbing his right leg and pulling it to his chest due to pain.

8.  The next day, March 13, 2013, at 9:15 a.m., the patient reported numbness on the right lateral side of his body from his buttock to his heel. At 1:30 that afternoon, a large spot of blood was seen on the bed sheet. The dressing was changed without difficulties. Later on March 13, 2013, at 23:42, the gauze dressing on the previous drain site was again saturated with drainage. Mr. Chance was discharged on March 14, 2013.

9. On March 28, 2013, the patient was seen by Nurse Practitioner, Pamela Luke. He complained of pain in his right hip radiating down the right side of his leg with numbness. He found it difficult to walk for long periods of time. He was started on Gabapentin, 300 mg by mouth three times a day. Mr. Chance was also seen and evaluated by Dr. Elaraky on this date.

10. On April 5, 2013, Mr. Chance called the VA Medical Center to complain that he had pain and increased numbness since the surgery and was requesting a call from the VA neurosurgery clinic as soon as possible. Receipt of the message was verified by Dr. Elaraky on April 5, 2013, at 12:38 p.m.

11. On May 2, 2013, Mr. Chance returned to the VA Medical Center after having a Level 3 laminectomy diskectomy, L3-4, L4-5, L5-S1. He was complaining of low back pain radiating across his buttocks to his right lateral leg with numbness. The pain made it difficult for him to sit for long periods. He had to stand to relieve the pain. Plantar reflex was 2+ on the left and absent on the right. He was seen and evaluated by Dr. Elaraky and scheduled for a repeat MRI of the lumbar spine on May 6, 2013.

12. The MRI report from May 6, 2013, reflected post-surgical changes with fluid collection in the post-surgical bed concerning for an abscess. This was surrounded by enhancing soft tissue - possibly post-surgical granulation tissue. These extended into the canal, particularly at L5-S1, more prominently on the right and surrounded the descending right S1 nerve root. The findings of May 6, 2013, MRI were concerning for compression of his nerves which needed to be relieved. He had Canal Stenosis at L-3-4 and a small centrally protruding disk at L5-S1.

3

13. Mr. Chance was seen again by the VA Medical Center, Neurosurgery Department on May 16, 2013. He reported that since the surgery he had continued to have low back pain and pain in his left leg, and that he could not walk more than about 50 feet due to the pain and weakness in his leg. Further, he reported that his leg felt numb, the testicle on his left side was numb, and he had difficulty having a steady stream of urine. The neurological exam on May 16, 2013, showed motor power in lower extremity right 3/5, left 5/5. Plantar reflex was 2+ on the left and absent on the right. Dr. Elaraky's note on May 16, 2013, alleged that he had explained to the patient that Mr. Chance had developed fibrous scar tissue around the nerve root at the site of the surgery, and that he did not know if his problems with his testicle and rectum were related to his back. The plan was to send Mr. Chance to pain management for a trial of ESI to see if that would alleviate his pain. Mr. Chance was also to be referred to neurology for an EMG of the lower extremities. Further, "IR consult has also been placed for possible drainage of epidural fluid collection."

14. Mr. Chance was next contacted by the VA on July 5, 2013. The note states "this chart was flagged to me in Pam Luke's absence, but on review, I am concerned because read by a radiologist of May MRI suggests possible abscess/ arachnoidosis. I called patient who continues to have stable but worrisome symptoms (numbness in the right lower extremity, intermittent bowel incontinence, and intermittent lacinating pain in bilateral lower extremities.)" The note was signed by Cynthia McGrath, who also stated that she had called UMC neurosurgery and scheduled Mr. Chance to been seen in the Pavilion on July 30, 2013.

15. Mr. Chance had an MRI on July 8, 2013, which revealed post-surgical changes from L3-L4 through L5-S1. The study also reflected "tight spinal stenosis at L3-L4 related to predominantly

inprominent hypertrophy of the ligament of flavum and facet joints." The study also reflected some disk bulging and again found a large amount of enhancing soft tissue in the surgical bed and surrounding the thecal sac particularly at L4-L5 through L5-S1.

16. The patient was seen on July 12, 2013, in neurosurgery. His main complaints were those of right lower extremity numbness from the buttocks to the little toe on the right side. He also stated that he could not feel his feet on the floor when he walks on the right side. He also reported daily bowel incontinence and dribbling of urine.

17. Mr. Chance was later seen by Dr. Louis Harkey at UMC who indicated that bowel and bladder issues were likely to be permanent and further surgery on the spine itself was not recommended as it will not alter the nerve injury that is present.

18. The Defendant United States, as employer of Dr. Elaraky and Nurse Luke, was negligent in failing to appropriately perform neurosurgery on Mr. Chance, and was further negligent in inadequately monitoring and addressing Mr. Chance's subsequent new complaints emanating from the surgery. Despite Mr. Chance's repeated reports of complaints, including bowel/bladder dysfunction, pain, numbness in his hips and down his leg, and difficulty walking, the Defendant's employees did not take any action to treat his injury. As a direct and proximate result, Mr. Chance suffered permanent bowel and bladder dysfunction, nerve damage, weakness in his extremity, a severe limp, sexual dysfunction, pain and suffering, medical expenses, loss of ability to enjoy life, difficulty and/or inability to perform household chores or gainful employment, mental and emotional distress, and other damages.

19. Accordingly, the Plaintiff, Michael Stanley Chance, pursuant to State law and the Federal Tort Claims Act, 28 U.S.C., §1346, *et seq.*, is entitled to recover all damages allowed by the laws of

the State of Mississippi, including but not limited to, pain and suffering, loss of ability to enjoy life, all of which occurred as a direct and proximate result of the negligence of the Defendant as aforesaid.

## IV.

## AD DAMNUM AS TO ALL NEW CLAIMS

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment from the Defendant in an amount in excess of the minimum jurisdictional limits of this Court for all damages he has sustained as a result of the negligent acts and omissions of the Defendant, plus pre-judgment interest and costs of Court.

This, the 18th day of February, 2016.

Respectfully submitted,

MERKEL & COCKE, P.A.
Post Office Box 1388
30 Delta Avenue
Clarksdale, MS 38614
662-627-9641

_____
CHRIS WINTER (MSB#10300)
Attorneys for Plaintiff

## CERTIFICATE OF CONSULTATION

UNDERSIGNED COUNSEL hereby certifies, pursuant to §11-1-58 of the Mississippi Code of 1972, as amended, as follows:

1. Prior to filing the Complaint in this case, undersigned counsel reviewed the facts of the case and consulted with at least one expert, qualified pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, who is qualified to give expert testimony as to the standard of care or negligence and who undersigned counsel reasonably believes is knowledgeable in the relevant issues involved in this action; and

2. Undersigned counsel has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

THIS, the 18th day of February, 2016.

Respectfully submitted,

MERKEL & COCKE
A Professional Association
Post Office Box 1388
Clarksdale, Mississippi 38614
(601) 627-9641
Attorneys for Plaintiffs

By: _____
CHRIS WINTER (MSB#10300)